UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT D. RATLIFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-cv-01249 |
| ) | Judge Trauger |
| PRISONER TRANSPORTATION ) | |
| SERVICES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The Court has before it a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No. 4).

The plaintiff is a pre-trial detainee at the Noble Correctional Institution in Caldwell, Ohio. It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application is **GRANTED**. The Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

The plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against the Prisoner Transportation Services of America (PTS); John Doe #1, Chief Executive Officer of PTS; and two John Doe employees of PTS; seeking damages.

On October 20, 2016, a van from PTS picked the plaintiff up from an undisclosed location in Kentucky. Docket Entry No. 1 at 5. The plaintiff was "shackled and belly-chained" in the van with seven other prisoners. *Id.* Conditions in the van were cramped and uncomfortable. *Id.*

As the van was entering the freeway at a high rate of speed, the driver lost control of the vehicle and slammed into a guard rail. *Id* at 6. The accident was reportedly caused by a deer running into the path of the van. *Id.* Several in the van were injured, including the plaintiff. *Id.* He was extracted from the van with multiple bruises and injuries to his knee, hand, shoulder and back. *Id.* An ambulance was called to take the injured persons to a hospital. *Id.*

After several hours, the plaintiff was released from the hospital and loaded into another van. *Id.* Cramped conditions caused the plaintiff's injuries "to seize up and become very sore." *Id.* The van stopped at the Franklin County, Ohio Workhouse on October 22nd and the plaintiff was delivered

to the Jail in Columbus, Ohio the following day. *Id.* at 13.¹ The plaintiff claims that the defendants are liable for the "wanton infliction of great pain and emotional distress" by placing him in substantial risk of harm. *Id.* at 5.²

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

The Constitution does not protect a pre-trial detainee from unpleasant prison experiences. Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Nor does the Constitution mandate comfortable conditions of confinement. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). As a consequence, it necessarily follows that a pre-trial detainee has not been subjected to cruel and unusual punishment simply because he has been made to feel uncomfortable during the course of a prison transfer. *See* Waller v. Transcor America, 2007 WL 3023827 at 3 (M.D. Tenn. Oct. 11, 2007).

At best, the plaintiff is alleging that his injuries were the result of negligent conduct on the part of the John Doe van drivers. While he does assert a "wanton infliction of great pain and emotional distress", his narration of the facts does not support such a claim. There are no allegations in the complaint from which the Court could infer that these defendants intended to cause the plaintiff any harm. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 429 U.S. 97 (1976). This is true

---

¹ This seems to be inconsistent with the plaintiff's claim that they remained on the road for another nine days after leaving the hospital. Docket Entry No. 1 at 6.

² The Due Process Clause of the Fourteenth Amendment provides a pre-trial detainee with rights analogous to those of a convicted felon under the Eighth Amendment. Watkins v. City of Battle Creek, 273 F.3d 682, 685-86 (6th Cir. 2001).

3

with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 475 U.S. 312, 319 (1986)(Eighth Amendment)("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause"); Daniels v. Williams, 474 U.S. 327, 333 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege an actionable constitutional claim against the defendants.

When the prisoner plaintiff has failed to state a claim upon which relief can be granted, the Court is obliged to *sua sponte* dismiss the complaint. This action, therefore, is hereby **DISMISSED**. 28 U.S.C. § 1915(e)(2).

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is **NOT** certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997), *abrogated on other grounds*, LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013).

The Clerk is directed to send a copy of this order to the Warden of the Noble Correctional Institution to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED**.

ENTER this 13th day of October 2017.

_____
Aleta A. Trauger
United States District Judge